UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CODY C. SMITH,<br><br>     Plaintiff,<br><br>v.<br><br>UTAH DEP'T OF CORR. et al.,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00224-DBB<br><br>District Judge David Barlow |

Plaintiff Cody C. Smith, acting *pro se*, brought this civil-rights action, *see* 42 U.S.C.S. § 1983 (2026).[1] Having screened the Complaint, ECF No. 1, under its statutory review function, 28 U.S.C.S. § 1915A (2026),[2] the Court ordered Plaintiff to file an amended complaint curing

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2026).

[2] The screening statute reads:

> (a) Screening.--The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2026).

deficiencies if he would like to further pursue claims. Plaintiff filed Amended Complaint, which

the Court now screens. ECF No. 5.

## A. AMENDED COMPLAINT'S DEFICIENCIES

The Amended Complaint:

**1.** is not clear as to whether Plaintiff understands the difference between suing defendants in their individual or official capacities. (See below.)

**2.** possibly improperly alleges civil-rights violations on a *respondeat superior* theory. (See below.)

**3.** must be amended with an understanding of how sovereign immunity applies to states, state entities, and state employees. (See below.)

**4.** possibly asserts claims past the statute of limitations for civil-rights cases. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) ("Utah's four-year residual statute of limitations . . . governs suits brought under section 1983.").

**5.** asserts claim of theft, when theft is a crime that may not be redressed in a civil suit. (See below.)

**6.** possibly asserts claim of "securities fraud," with no reference to a statutory or common-law basis and no factual allegations to support such a claim.

**7.** does not adequately link each element of a due-process claim to specific named defendant(s). *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." (cleaned up)).

**8.** possibly seeks to remedy alleged violations against someone else other than himself, which would breach standing principles. (See below.)

**9.** purports to bring a class action, even though Plaintiff may not represent a class as a *pro se* litigant. *See McGoldrick v. Werholtz*, 185 F. App'x 741, 744 (10th Cir. 2006) ("[B]ecause plaintiffs are pro se, the district court would have abused its discretion if it had certified a class action.").

**10.** does not adequately link each element of a state unjust-enrichment claim to specific named defendant(s). (See below.)

**11.** possibly needs clarification as to what pendent jurisdiction means to a plaintiff bringing state-law claims in a federal action. (See below.)

**12.** does not state a basis for treble damages.

**13.** generally does not properly affirmatively link an individual named defendant to each element of each alleged civil-rights violation. (See below.)

**14.** does not appear to provide adequate details (e.g., specific titles, physical descriptions, dates and times of interactions, etc.) about unnamed defendants, to help the Court try to seek waiver of service from them.

**15.** does not adequately link each element of a state fraud claim to specific named defendant(s). *See HKS Architects, Inc. v. MSM Enters., Ltd.*, No. 190400965, 2019 Utah Dist. LEXIS 37, at *30 (Utah 4th Dist. Ct. Dec. 10, 2019) ("To maintain a claim for fraud, a plaintiff must show: (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage." (citation omitted)).

**16.** does not "state with particularity the circumstances constituting fraud," as required by Federal Rule of Civil Procedure 9(b).

**17.** has claims based on current confinement; however, the complaint apparently was not submitted using legal help Plaintiff is constitutionally entitled to by his institution. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## B. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of

3

what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these points before filing an amended complaint:

**1.** The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint(s). *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Also, an amended complaint may not be added to after filing without moving for amendment. Fed. R. Civ. P. 15.

**2.** Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

**3.** The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear

4

exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (cleaned up). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

**4.** Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

**5.** Plaintiff may not name an individual as a § 1983 defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

**6.** Grievance denial alone, unconnected to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

**7.** "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2026). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

**8. Official capacity versus individual capacity**. The United States Court of Appeals for the Tenth Circuit explains:

> The Supreme Court has instructed that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (cleaned up). By contrast, individual-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.*

*Coates v. Reigenborn*, Nos. 22-1339 & 22-1434, 2023 U.S. App. LEXIS 27456, at *9-10 (10th Cir. Oct. 16, 2023) (unpublished); *see also Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015) ("A suit against a government agent in his official capacity is treated as a suit against the government.").

One difference between suing a defendant in an official versus individual capacity has to do with averring causation. To adequately assert causation against a defendant in an individual capacity, the plaintiff must allege facts showing that the defendant "set in motion a series of events that he knew or reasonably should have known would cause others to deprive [the plaintiff] of her constitutional rights." *Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018) (cleaned up); *see also Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) ("When confronting individual-capacity § 1983 claims, our focus must always be on the *defendant*--on the injury *he* inflicted or caused to be inflicted, and on *his* motives." (cleaned up)). Conversely, to adequately assert causation against a defendant in an official capacity, the plaintiff must first identify an official policy or custom, and then establish that the challenged policy or custom was the " moving force' behind the injury alleged." *Brown,* 520 U.S. at 404.

Finally, Plaintiff should keep in mind too that "it makes no sense to sue a governmental entity in its individual capacity." *Jackson-Mackay v. McDonald*, No. 22-8033, 2023 U.S. App. LEXIS 6356, at \*2 (10th Cir. Mar. 17, 2023).

**9. *Respondeat superior***. The Supreme Court holds that, in asserting a § 1983 claim against a government agent in an individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no *respondeat superior* liability under § 1983. *See id.* ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor. *See Monell*, 436 U.S. at 689. Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

**10. Eleventh Amendment immunity.** Under the Eleventh Amendment, sovereign immunity blocks actions for money damages against states, state agencies, and state officers in their official capacities. *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008); *Couser v. Gay*, 959 F.3d 1018, 1022 (10th Cir. 2020); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (holding Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983). However, an exception provides "that 'a plaintiff may bring suit against *individual state officers* acting in their official capacities if the complaint alleges an ongoing violation of federal law and the

plaintiff seeks prospective relief.'" *Norton v. Parsons*, No. 23-4055, 2024 U.S. App. LEXIS 2109, at *5 (10th Cir. Jan. 31, 2024) (emphasis added) (unpublished) (quoting *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012)).

**11. Criminal claims or charges**. A federal civil-rights action is not an appropriate vehicle for a plaintiff to hold other individuals or entities liable under criminal codes--especially for state crimes, like theft. *See Dodds v. Richardson*, 614 F.3d 1185, 1193 (10th Cir. 2010) ("To recover under § 1983, a plaintiff must establish "'the violation of a right secured by the Constitution and laws of the United States . . . .'"") (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988))*; see also Hines v. Allbaugh*, No. CIV-15-901-R, 2017 U.S. Dist. LEXIS 122413, at * 23 (W.D. Okla. Aug. 3, 2017) ("[A] declaration that Defendants have violated criminal statutes is inappropriate in this civil rights case."); *Martin v. Creek Cnty. Jail*, No. 10-CV-699, 2011 U.S. Dist. LEXIS 44008, at *4 (N.D. Okla. Apr. 22, 2011) (stating in federal civil-rights action that "plaintiff lacks standing to bring criminal charges against Defendants"). Indeed, a review of the text of these criminal codes reveals that they do not offer a separate cause of action empowering private citizens to seek money damages. *See, e.g.*, Utah Code Ann. § 76-6-404 (2026).

**12. Standing**. These tenets govern standing determinations:

> Federal court jurisdiction is limited to "cases" and "controversies" by Article III of the United States Constitution. U.S. Const., Art. III, § 2; *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014). "The doctrine of standing gives meaning to these constitutional limits," *Susan B. Anthony List*, 573 U.S. at 157 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)), and a plaintiff must establish standing to satisfy the "case" and "controversy" requirement. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (citations omitted). To do so, a plaintiff "must show that [he] has suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'"

*Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper*, 568 U.S. at 409) (internal quotations omitted); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992). Standing must be established separately for each claim and each form of relief sought. *See DaimlerChrysler Corp*, 547 U.S. 332, 352-53 (2006); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

*Wilson v. Stancil*, No. 23-CV-2555, 2025 U.S. Dist. LEXIS 172882, at *12-13 (D. Colo. Aug. 12, 2025).

13. **Unjust enrichment**. The following passage explains relevant elements of an unjust-enrichment cause of action:

"'Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another . . . .'" *Com. Fixtures & Furnishings, Inc. v. Adams*, 564 P.2d 773, 776 (Utah 1977) (quoting *Baugh v. Darley*, 184 P.2d 335, 337 (1947)). We have held:

Three elements must be present before unjust enrichment may serve as a basis of recovery: There must be (1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.

*Concrete Prods. Co. v. Salt Lake Cnty.*, 734 P.2d 910, 911 (Utah 1987) (quoting *Berrett v. Stevens*, 690 P.2d 553, 557 (Utah 1984)). In other words, the remedy is one of restitution designed to restore to a plaintiff a benefit unjustly enjoyed by a defendant. *Com. Fixtures*, 564 P.2d at 776.

The doctrine is designed to provide an equitable remedy where one does not exist at law. In other words, if a legal remedy

> is available, such as breach of an express contract, the law will not imply the equitable remedy of unjust enrichment.

*Am. Towers Owners Ass'n v. CCI Mech., Inc.*, 930 P.2d 1182, 1192-93 (Utah 1996).

14. **Pendent jurisdiction**. Plaintiff should keep in mind that, if he brings state-law claims, the court may take jurisdiction over those claims only as a matter of "pendent jurisdiction," a doctrine that allows "district courts to hear [state-law] claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based." *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004) (quoting 28 U.S.C.S. § 1367(a) (2026)). Thus, if all Plaintiff's "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-- judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

15. **Affirmative Link.**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins*, 519 F.3d at 1250 (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of

> the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

### C. ORDER

**IT IS HEREBY ORDERED** as follows:

**1.** Plaintiff must within ninety days cure the Amended Complaint's deficiencies noted above by filing a single document entitled, "Second Amended Complaint," that does not refer to or include any other document. ECF No. 5.

**2.** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**3.** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**4.** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Amended Complaint, filed October 3, 2025. *Id.* The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will screen each claim and defendant

for dismissal. And if there are any valid claims and defendants, Plaintiff will be responsible to effect service on the defendants.

5. Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

6. Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

7. No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

8. Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

9. Plaintiff's motions for summary judgment are **DENIED** as premature. ECF Nos. 6–7. There is no valid complaint on file as of this Order, and nothing has yet been served on any

12

defendant. Going forward, any further summary-judgment motions by Plaintiff will be rejected and returned to him. A summary-judgment motion by Plaintiff is inappropriate at this stage of litigation in which no defendant has been served.

DATED this 29th day of June, 2026.

BY THE COURT:

JUDGE DAVID BARLOW
United States District Court